UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================
NACHMAN WEINBERGER individually and
on behalf of all others similarly situated

                          Plaintiff,

   -against-

WELTMAN, WEINBERG & REIS CO., LPA.

                          Defendant.
===================================

## CLASS ACTION COMPLAINT

### *I. Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1. Plaintiff Nachman Weinberger brings this action to secure redress from unlawful collection practices engaged in by Defendant Weltman, Weinberg & Reis Co., LPA. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II. Parties

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located in Cleveland, Ohio.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III. Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV. Allegations

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about May 10, 2017, Weltman, Weinberg & Reis Co., LPA. sent a collection letter to the Plaintiff Nachman Weinberger. (see attached exhibit)

12. The said letter was an effort to collect on a consumer debt.

13. Defendant's said letter was deceptive and misleading as it simply identified the balance due but did not indicate that the balance may increase due to interest and fees.

14. The Plaintiff was left unsure whether the balance due was accruing interest as there was no disclosure that indicated otherwise.

15. A reasonable consumer could read the notice and be misled into believing that he could pay his debt in full by paying the amount listed on the notice.

16. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the balance due stated on the notice will not know whether the debt has been paid in full.

17. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

18. The statement of an balance due, without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

19. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to

consumers that is embodied in Section 1692e.

20. Collection notices that state only the balance due, but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

21. The Plaintiff and an unsophisticated consumer would be led to believe that the balance due would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

22. Yet in reality, interest was accruing on a daily basis and the Defendant has tried to collect this interest from the Plaintiff as seen from a previous letter that was sent to the Plaintiff by the Defendant on May 12, 2015.

23. A consumer who pays the balance due stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

24. The Plaintiff alleges and avers that the Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

25. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

26. 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. The said letter is a standardized form letter.

28. On information and belief, the Defendant's collection letters, such as the said May 10, 2017 collection letter, number in the hundreds.

29. The Plaintiff alleges and avers that Defendant's May 10, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

30. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

31. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

32. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

33. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

34. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

35. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

36.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

37.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

38.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V.     Class Allegations

39.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40.     The identities of all class members are readily ascertainable from the records of Weltman, Weinberg & Reis Co., LPA. and those business and governmental entities on whose behalf it attempts to collect debts.

41.     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Weltman, Weinberg & Reis

Co., LPA., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

43. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

44. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

45. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal

issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

46. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

47. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

49. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VI.   Cause of Action

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

> a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

b) the collection letter was sent to a consumer seeking payment of a personal debt;

c) the collection letter was not returned by the postal service as undelivered;

d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### *VII.   Violations of the Fair Debt Collection Practices Act*

52. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

53. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

54. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII.   Jury Demand*

55. Plaintiff demands a trial by jury.

### *IX.   Prayer for Relief*

56. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
May 9, 2018

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

# WELTMAN, WEINBERG & REIS Co., LPA
## ATTORNEYS AT LAW
*Over 80 Years of Service.*

323 W. Lakeside Ave. Ste. 200 Cleveland, OH 44113-1009
(216) 739-5655   (800) 334-0257
Mon-Fri 8AM-5PM EST

May 12, 2015

NACHMAN WEINBERGER
[Redacted]

RE:   Current Creditor: NASA FEDERAL CREDIT UNION
Account No. [Redacted]34
WWR No. [Redacted]59
Balance Due as of May 12, 2015: $25,065.92

Dear NACHMAN WEINBERGER:

Please be advised that the above referenced account has been placed with us to collect the outstanding balance due and owing on this account to the current creditor referenced above. As of the date of this letter you owe the amount listed above. Therefore, it is important that you contact us at 1-800-334-0257 to discuss an appropriate resolution for this matter.

This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this letter, we will assume *that the debt is valid*. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain *verification of the debt* or a copy of a judgment and a copy of such verification or judgment will be mailed to you. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

Thank you for your attention to this matter.

Sincerely,
Weltman, Weinberg & Reis Co., L.P.A.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION ABOUT YOUR RIGHTS**

WONWELT01323

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope***

---

323 W. Lakeside Ave. Ste. 200
Cleveland, OH 44113-1009
ADDRESS SERVICE REQUESTED

WWR No.: [Redacted]59
Balance Due as of May 12, 2015: *$25,065.92*

May 12, 2015

WELTMAN, WEINBERG & REIS CO., L.P.A.
P.O. Box 93784
Cleveland, OH 44101-5784

D1T/323/20369131/0412-323   588499791

NACHMAN WEINBERGER
[Redacted]

D1T/323/20369131/0412

# WW&R WELTMAN WEINBERG & REIS

## CONTACT LETTER

May 10, 2017

| Important Account Information |
|---|
| Current Creditor: NASA FEDERAL CREDIT UNION |
| Account Number: [Redacted]4 |
| WWR File Number: [Redacted]59 |
| Balance Due as of May 10, 2017: $30,459.98 |

**Contact us by one of the following methods:**

Phone: 1-800-334-0257
MONDAY - FRIDAY 8AM-445PM EST

Mail: P.O. Box 93784
Cleveland, OH 44101-5784

Online: www.wwrepay.com

Dear NACHMAN WEINBERGER,

We would like to hear from you as we have representatives who may be able to provide you with options that could best fit your circumstances. There are several ways that you may contact us. Please do so today.

**This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose.**

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.

803ONWELT01101

---

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope***

By entering your information in the space provided below, you are authorizing Weltman, Weinberg & Reis Co., L.P.A to contact you, including via electronic means.

**Please verify contact information:**

| Email: | |
| Phone: | - - |
| Address: | |

323 W. Lakeside Ave. Ste. 200
Cleveland, OH 44113-1009
ADDRESS SERVICE REQUESTED

May 10, 2017

D1T/101/23360257/0606-101    423244572

NACHMAN WEINBERGER
[Redacted]

WELTMAN, WEINBERG & REIS CO., LPA
P.O. Box 93784
Cleveland, OH 44101-5784

WWR FILE NO. [Redacted]59
Balance Due as of May 10, 2017: $30,459.98
D1T/101/23360257/0606